THOMASLAW

P: 703.957.2577
mthomas@thomaslawplc.com

August 17, 2026

**FOR FILING VIA CM/ECF**
The Honorable Theodore D. Chuang
United States District Judge
U.S. District Court for the District of Maryland
Greenbelt Division

**Re: Coumba Makalou v. ABCD & Company, LLC, 8:25cv1470-TDC**
**Defendant's Notice of Intent to File Motion for Leave to Amend Answer and for Summary Judgment on Statutory Employee Threshold**

Dear Judge Chuang:

Pursuant to the Court's Case Management Order and applicable pre-motion procedures, Defendant ABCD & Company, LLC ("Defendant"), by counsel, provides notice of its intent to seek leave to amend Paragraph 6 of its Answer and to file a motion for summary judgment on the threshold issue of whether Defendant was an "employer" subject to Title VII of the Civil Rights Act of 1964. All of Plaintiff's claims against Defendant arise under Title VII. Plaintiff's Complaint alleges that "[a]t all relevant times, Defendant employed more than fifteen (15) employees." Compl. ¶ 6. Upon further review and analysis of Defendant's payroll and employment records, including employee hire and separation dates, Defendant determined that it did not employ fifteen or more employees for the requisite twenty calendar weeks during either 2022 or 2023. Defendant therefore seeks to clarify its pleading and obtain an early determination of this threshold statutory issue to conserve the parties' and the Court's resources before substantial additional time and expense are incurred in merits discovery and mediation. Defendant represents that it has, by counsel, conferred with Plaintiff, who did not consent to the relief requested.

**I. Plaintiff Cannot Establish Title VII's Statutory Employee Threshold.**

Title VII applies only to an employer that "has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 2000e(b). The Supreme Court has held that satisfaction of this employee-numerosity requirement is a substantive element of a Title VII claim, rather than a limitation on the Court's subject-matter jurisdiction. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 516 (2006). The Supreme Court has further held that the "payroll method" governs the determination whether an employer satisfies the statutory threshold. *Walters v. Metropolitan Educational Enterprises, Inc.*, 519 U.S. 202, 207–12 (1997). Under that method, the relevant inquiry is whether an employment relationship existed between the employer and the individual on each working day of the relevant calendar week. *Id.* at 211–12. Because Defendant's employee composition was not static during the relevant period, determining statutory numerosity required a week-by-week analysis of individual employment relationships rather than reliance on an annual or point-in-time headcount. Defendant therefore reviewed its payroll and personnel records and individual hire and separation dates to determine the number of qualifying employees for each calendar week of 2022 and 2023. That analysis

THOMASLAW

P: 703.957.2577
mthomas@thomaslawplc.com

indicates that Defendant did not maintain employment relationships with fifteen or more qualifying employees for twenty or more calendar weeks during either year.

**II. Defendant Seeks Leave to Correct Paragraph 6 of Its Answer.**

Paragraph 6 of Plaintiff's Second Amended Complaint alleges that "[a]t all relevant times, Defendant employed more than 15 employees." Defendant's Answer admitted that allegation. That admission, however, does not establish that Defendant employed fifteen or more employees for each working day in twenty or more calendar weeks during the current or preceding calendar year, as required by 42 U.S.C. § 2000e(b). The phrase "at all relevant times" does not identify the statutory twenty-week period and is ambiguous as to whether Defendant satisfied Title VII's numerosity requirement. In *Akin v. TMC Maintenance Co., LLC*, No. 1:19-cv-5421-MLB, 2021 U.S. Dist. LEXIS 152473 (N.D. Ga. Aug. 13, 2021), the Court addressed materially similar circumstances. There, the defendant admitted that "[a]t all times relevant to this lawsuit, Defendant had over 15 employees." *Id.* at *2. The court nevertheless held that the admission could not establish statutory coverage because the phrase "at all times relevant to this lawsuit" was undefined and did not establish that the defendant maintained the requisite number of employees for the statutory twenty-week period. *Id.* at *4-5. The court further recognized that numerosity is an element of the plaintiff's claim on which the plaintiff bears the burden of proof. *Id.* at *7*; see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 516 (2006).

Defendant therefore maintains that amendment of its Answer is not necessary for Defendant to contest Plaintiff's ability to establish the statutory numerosity element. Nevertheless, to eliminate any potential dispute concerning the pleadings, Defendant seeks leave, to clarify its response to Paragraph 6 and expressly state that Defendant denies that it employed fifteen or more employees for each working day in each of twenty or more calendar weeks during the relevant statutory period. In *Neill v. All Pride Fitness of Washougal, LLC*, No. C08-05424RJB, 2009 LEXIS 22651 (W.D. Wash. Mar. 9, 2009), the defendants similarly sought to amend their answer to address whether they employed the fifteen employees necessary for Title VII coverage. Although the defendants had not timely amended their answer, the court granted leave to amend, relying in part upon Rule 1's directive that the Federal Rules be administered to secure the just, speedy, and inexpensive determination of proceedings. *Id.* at *10-11. The court further encouraged the defendants to raise the employee-threshold issue "as soon as possible in order to ensure conservation of all parties' and the Court's resources." *Id.*

The same considerations favor prompt resolution here. The parties have not completed merits discovery, and the Court has stayed the broader litigation schedule pending mediation while permitting only limited document discovery. Resolution of the statutory employee threshold now could substantially narrow, if not resolve, the issues requiring further litigation.

**III. The Numerosity Issue Is Appropriate for Early Summary Judgment and, If Necessary, Limited Discovery.**

Because determination of Defendant's employee count requires consideration of payroll records, and employment dates, Defendant anticipates presenting the issue under Rule 56 rather

THOMASLAW

P: 703.957.2577
mthomas@thomaslawplc.com

than seeking resolution solely from the pleadings. Courts have permitted limited discovery directed specifically to the Title VII employee threshold before resolving the issue on summary judgment. In *Johnson v. Omni Property Services Management, Inc.*, No. 22-4539, 2024 U.S. Dist. LEXIS 70676 at *4 (E.D. Pa. Apr. 18, 2024), the court ordered the parties to conduct limited discovery regarding the defendant's number of employees. After that discovery, the court considered payroll records and other evidence, converted the defendants' motion to one for summary judgment, and entered summary judgment on the Title VII claims because the evidence established that the defendant did not satisfy the fifteen-employee requirement.

Defendant therefore requests authorization to file an early motion for summary judgment limited to whether Defendant satisfied Title VII's statutory employee threshold during the relevant period. To the extent the Court determines that Plaintiff should first be afforded additional discovery concerning that issue, Defendant requests that such discovery be narrowly limited to statutory numerosity during the relevant calendar years, followed by briefing on the threshold issue. This procedure would permit Plaintiff a reasonable opportunity to obtain evidence relevant to the statutory element while avoiding the expense and burden of reopening general merits discovery before determining whether Defendant is subject to Title VII in the first instance.

Because resolution of the statutory numerosity issue may dispose of Plaintiff's Title VII claims, Defendant further requests that the currently scheduled mediation be stayed pending resolution of the threshold issue. Proceeding with mediation while a potentially dispositive statutory coverage issue remains unresolved would require the parties to incur expenses that may prove unnecessary. If Defendant's motion is not dispositive of the action, mediation can thereafter proceed as directed by the Court.

**IV. Requested Relief**

Accordingly, Defendant respectfully requests permission to file a motion: (1) for leave to amend Paragraph 6 of its Answer; and (2) for summary judgment limited to whether Defendant constituted an "employer" within the meaning of 42 U.S.C. § 2000e(b). Alternatively, if the Court determines that additional discovery is necessary before resolution of the issue, Defendant requests that the Court permit limited discovery directed solely to statutory numerosity and thereafter permit the parties to brief the issue under Rule 56. Defendant further requests that the currently scheduled mediation be stayed pending resolution of the statutory numerosity issue.

Respectfully submitted,

/s/ D. Margeaux Thomas
D. Margeaux Thomas, #19533
Counsel for Defendant

CC: Plaintiff (By ECF Filing)