**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| COUMBA MAKALOU,<br><br>Plaintiff,<br>v.<br><br>ABCD & COMPANY, LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 25-1470-TDC<br>The Hon. Theodore D. Chuang |

**<u>DEFENDANT'S MOTION FOR LEAVE TO FILE AMENDED ANSWER</u>**

COMES NOW, Defendant ABCD & Company, LLC ("ABCD"), by counsel, pursuant to this Court's September 1, 2026, Order (ECF No. 80) and in support of its Motion for Leave to File Amended Answer, hereby states as follows:

**<u>STANDARD OF REVIEW</u>**

Federal Rule of Civil Procedure 16(b)(4) permits modification of a scheduling order upon a showing of good cause. When a party seeks to amend a pleading after the deadline established by the scheduling order, the Rule 16(b)(4) good-cause standard must be satisfied before the Court considers amendment under Rule 15(a)(2). *Trout v. Riggle,* No. 1:25-cv-02797-JMC, 2025 U.S. Dist. LEXIS 261356, at *4 (D. Md. Dec. 18, 2025). The "primary consideration" in determining whether good cause exists is the movant's diligence. *Id.*

Federal Rule of Civil Procedure 15(a)(2), in turn, provides that a court should "freely give leave [to amend] when justice so requires." The Fourth Circuit has interpreted Rule 15(a) to provide that "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the

amendment would have been futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (citations omitted).

**ARGUMENT**

Title VII's employee-numerosity requirement is an element of Plaintiff's claim on which Plaintiff bears the burden of proof. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 516 (2006). Paragraph 6 of Plaintiff's Second Amended Complaint alleges that "[a]t all relevant times, Defendant employed more than fifteen employees." ECF No. 23 ¶ 6. ABCD's Answer admitted that allegation. ECF No. 34 ¶ 6. At the time ABCD filed its Answer, the applicability of Title VII's statutory employee threshold was not an apparent issue in the case, particularly because ABCD, through prior counsel, had previously represented to the Equal Employment Opportunity Commission that ABCD "**currently** employs 22 employees." *See* **Exhibit A**, ABCD's EEOC Position Statement at 5 (emphasis added). Against that background, the EEOC statement reasonably obscured whether the employee threshold was at issue when undersigned counsel inherited the case. The April 2024 representation concerning ABCD's then-current workforce, however, did not resolve the statutory inquiry applicable to Plaintiff's claims arising from her May 22, 2023, through November 1, 2023 employment. Title VII does not ask simply whether an employer's workforce reached fifteen employees at a particular point in time. Rather, the statute requires fifteen or more employees "for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 2000e(b). Under *Walters v. Metropolitan Educational Enterprises, Inc.*, 519 U.S. 202, 207–12 (1997), that determination turns on the existence of employment relationships during the relevant weeks. Thus, determining whether ABCD satisfied the statutory threshold required examination of its historical employment relationships during 2022 and 2023, rather than its employee headcount as of April 2024.

Upon undertaking that analysis, ABCD determined from its payroll and employment records, including individual hire and separation dates, that ABCD maintained employment relationships with fifteen or more employees during only six weeks of the relevant two-year period, far short of the twenty weeks required by § 2000e(b). ABCD, by counsel, promptly thereafter raised the issue with Plaintiff and notified the Court of its position and its intent to seek leave to amend its Answer. *See* ECF No. 77. ABCD acted diligently in identifying and raising the employee-threshold issue once it became apparent, and good cause therefore exists to permit the proposed amendment.

The proposed amendment will not unduly prejudice Plaintiff. Although the case has proceeded through motions practice on ABCD's motion to dismiss, discovery remains limited to document discovery in preparation for an upcoming Settlement Conference; no depositions have been taken, no interrogatories have been served, and no third-party subpoenas have been issued. Plaintiff therefore will not be required to duplicate discovery already undertaken in reliance on ABCD's original Answer. The circumstances here present substantially less potential for prejudice than those in *Akin v. TMC Maintenance Co., LLC*, No. 1:19-cv-5421-MLB, 2020 U.S. Dist. LEXIS 257269 (N.D. Ga. Nov. 13, 2020), and *Neill v. All Pride Fitness of Washougal, LLC*, No. C08-05424RJB, 2009 U.S. Dist. LEXIS 22651 (W.D. Wash. Mar. 9, 2009), both of which permitted the statutory employee-numerosity issue to be raised after the deadline for amending the pleadings. In *Akin*, the defendant initially admitted that it had more than fifteen employees, but later filed an amended answer asserting that it did not satisfy the statutory twenty-week employee threshold. *Id.* at *1–3. The defendant did so without seeking leave of court and outside the applicable amendment deadline. *Id.* By that time, the plaintiff had already deposed the defendant's representative without notice that numerosity would be disputed. *Id.* at *9–12. Nevertheless, the court declined to treat

the original admission as foreclosing the numerosity issue and instead permitted the issue to proceed, allowing the plaintiff limited additional discovery to address any resulting prejudice, including the opportunity to re-depose previously deposed witnesses solely on the employee-numerosity issue. *Id.* Similarly, in *Neill*, 2009 U.S. Dist. LEXIS 22651, at *10, the defendants untimely amended their answer without first obtaining the plaintiffs' consent or leave of court. The court nevertheless granted the defendants' motion for leave to amend, relying in part on Rule 1's directive that the Rules be administered to secure the "just, speedy and inexpensive determination of every action and proceeding." *Id.* at *10-11. Here, by contrast, Defendant has sought leave of Court, has explained why the issue was not apparent earlier and the circumstances under which it was discovered, and raised the issue promptly thereafter.

WHEREFORE Defendant ABCD & Company, LLC, respectfully requests that this Court grant it leave to amend its Answer and permit the filing of the attached Amended Answer to Plaintiff's Second Amended Complaint, attached as **Exhibit B**, with a redline reflecting the proposed amendments attached as **Exhibit C**.

**Local Rule 103.5(d) Certification**: Pursuant to Local Rule 103.6(d), undersigned counsel conferred with Plaintiff regarding the proposed amendment, and Plaintiff does not consent.

Dated: September 13, 2026

Respectfully submitted,

ABCD & COMPANY, LLC By Counsel

THE THOMAS LAW OFFICE, PLC
By: __/s/ D. Margeaux Thomas__
D. Margeaux Thomas, #19533
Gerald Gilliard, *Pro Hac Vice*
11130 Fairfax Boulevard, Suite 200
Fairfax, Virginia 22030
(703) 957-2577
mthomas@thomaslawplc.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 13th day of September, 2026, I filed the foregoing Motion with the Clerk of the Court using the CM/ECF system, to notify:

Coumba Makalou
5915 Bradley Blvd.
Bethesda, MD 20814
coumbam@gmail.com
Plaintiff, pro se

____/s/ D. Margeaux Thomas____
D. Margeaux Thomas