**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| COUMBA MAKALOU,<br><br>Plaintiff,<br><br>v.<br><br>ABCD & COMPANY, LLC,<br><br>Defendant. | Civil Action No. 25-1470-TDC<br>The Hon. Theodore D. Chuang |

**AMENDED ANSWER**

COMES NOW, Defendant ABCD & Company, LLC, by counsel, and submits the following Amended Answer to the Second Amended Complaint as follows:

**II. NATURE OF THE ACTION[1]**

1. Denied.

2. Denied.

**III. JURISDICTION AND VENUE**

3. This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed necessary, the allegations are denied, and strict proof is demanded.

4. This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed necessary, the allegations are denied, and strict proof is demanded.

**IV. PARTIES**

5. Defendant is without information sufficient to form a belief as to the truth of the allegations in this Paragraph 5, and therefore denies the same and demands strict proof.

[1] Defendant follows the section and paragraph numbering used in the Second Amended Complaint. To the extent the Second Amended Complaint contains duplicate or inconsistent numbering, Defendant responds to each section and paragraph as written.

6. Defendant denies being organized under the laws of the State of Maryland. Defendant admits that its principal place of business is in Rockville, Maryland. Defendant denies that it employed fifteen or more employees for each working day in each of twenty or more calendar weeks during the relevant statutory period.~~The remaining allegations are admitted.~~

## V. EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. Defendant is without information sufficient to form a belief as to the truth of the allegations in this Paragraph 7, and therefore denies the same and demands strict proof.

8. Defendant admits that the EEOC issued a Determination and Notice of Rights on or about March 5, 2025. Defendant admits that the Complaint was filed within 90 days of receipt of that Notice. Defendant is without information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph 8, and therefore denies the same and demands strict proof.

## VI. KEY PERSONS

9. Admitted.

10. Defendant denies that Maureen Simonette, Christina Santos, and Endrah Dumas were members of the National Minority Supplier Development Council ("NMSDC") leadership team. The remaining allegations are admitted.

## VII. FACTUAL ALLEGATIONS

### A. Discriminatory Hiring, Assignments, and Treatment

11. Admitted.

12. Defendant admits that Jared Wilson was Plaintiff's direct supervisor and that he assigned Plaintiff to the "African Diaspora" event. The remaining allegations are denied, and strict proof is demanded.

13. Denied.

14. Denied.

15. Denied.

**B. A Pervasive Hostile Work Environment Based on National Origin and Religion**

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

**C. A Culture of Deceit, Favoritism, and Retaliation**

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Defendant is without information sufficient to form a belief as to the truth of the allegations in this Paragraph 34, and therefore denies the same and demands strict proof.

35. Denied.

36. Defendant admits that on or around August 21, 2023, Plaintiff received a negative performance review. The remaining allegations are denied, and strict proof is demanded.

37. Defendant is without information sufficient to form a belief as to the truth of the allegations in this Paragraph 37, and therefore denies the same and demands strict proof.

38. Denied.

39. Denied.

**D. Knowledge of Religious Beliefs and Coercion**

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Admitted.

**E. Plaintiff's Demonstrated Competence and Initiative**

45. Denied.

46. Denied.

**F. Pretextual Termination**

47. Defendant admits that Plaintiff's employment was terminated on November 1, 2023. The remaining allegations are denied, and strict proof is demanded.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Defendant admits that Jennifer Prinzivalli and Tiesha Cole were promoted following Plaintiff's termination. The remaining allegations are denied, and strict proof is demanded.

## VIII. COUNTS

### COUNT I—NATIONAL ORIGIN DISCRIMINATION (Disparate Treatment)

1. All allegations incorporated by reference in this Paragraph 1 are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

2. This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed necessary, the allegations are denied, and strict proof is demanded.

3. Denied.

4. Denied.

5. Denied.

### COUNT II—RELIGIOUS DISCRIMINATION (Disparate Treatment & Failure to Accommodate)

6. All allegations incorporated by reference in this Paragraph 6 are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

7. Defendant is without information sufficient to form a belief as to the truth of the allegations in this Paragraph 7, and therefore denies the same and demands strict proof.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

**COUNT III—HOSTILE WORK ENVIRONMENT**

13. All allegations incorporated by reference in this Paragraph 13 are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

**COUNT IV—RETALIATION**

19. All allegations incorporated by reference in this Paragraph 19 are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

**<u>AFFIRMATIVE DEFENSES</u>**

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, for failure to exhaust administrative remedies.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, for failure to mitigate damages.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff was terminated with cause for legitimate, non-discriminatory, and non-retaliatory business reasons.

**FIFTH AFFIRMATIVE DEFENSE**

Defendant reserves the right to assert any other defense that may be available to it and/or may be subsequently discovered.

WHEREFORE, Defendant, ABCD & Company, LLC, respectfully requests that this Court dismiss the Complaint with prejudice, award Defendant all costs and attorneys' fees, and grant such other and further relief as the Court deems proper.

Dated: ~~March 20~~September 13, 2026

Respectfully submitted,

ABCD & COMPANY, LLC
By Counsel

THE THOMAS LAW OFFICE, PLC
By: /s/ *D. Margeaux Thomas*
D. Margeaux Thomas, #19533
11130 Fairfax Blvd., Ste. 200
Fairfax, VA 22030
(703) 957-2577
mthomas@thomaslawplc.com
*Counsel for Defendant*

**CERTIFICATE OF ELECTRONIC FILING AND SERVICE BY MAIL AND ELECTRONIC MAIL**

I HEREBY CERTIFY that on this, the 20th day of March, 2026, I filed the foregoing with the Clerk of the Court using the CM/ECF system, and I caused a true and accurate copy to be mailed, via first-class mail and electronic mail, to:

Coumba Makalou
5915 Bradley Blvd.
Bethesda, MD 20814
coumbam@gmail.com
*Plaintiff*

THE THOMAS LAW OFFICE, PLC
/s/ *D. Margeaux Thomas*
D. Margeaux Thomas, #19533
11130 Fairfax Blvd., Ste. 200
Fairfax, VA 22030
(703) 957-2577
mthomas@thomaslawplc.com
*Counsel for Defendant*