IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
The Hon. Theodore D. Chuang (Southern Division)

COUMBA MAKALOU,

Plaintiff,

v.

ABCD & COMPANY, LLC,

Defendant.

Civil Action No. 8:25-cv-01470-TDC

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO AMEND ANSWER

COMES NOW Plaintiff Coumba Makalou, pro se, and respectfully opposes Defendant ABCD & Company, LLC's Motion for Leave to Amend Answer (ECF No. 83). In support thereof, Plaintiff states as follows:

## I. INTRODUCTION

Defendant asks this Court for leave to amend its Answer to add, for the first time in this two-year-old litigation, a denial that it employed fifteen or more employees during the relevant statutory period. Defendant had every opportunity to raise this issue—in its Motion to Dismiss filed September 19, 2025 (ECF No. 24), and again in its Answer filed March 20, 2026 (ECF No. 34)—but stayed silent both times. Under *Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006), Title VII's fifteen-employee requirement is a substantive element of Plaintiff's claim, not a jurisdictional prerequisite, and is therefore waivable. Defendant waived the defense by failing to assert it. Because a waived defense cannot succeed as a matter of law, the proposed amendment is futile, and leave should be denied under Federal Rule of Civil Procedure 15(a)(2).

## II. PROCEDURAL BACKGROUND

Plaintiff filed her original Complaint on May 6, 2025 (ECF No. 1). After the Court granted leave to amend (ECF No. 19), Plaintiff filed her operative Second Amended Complaint on September 5, 2025 (ECF No. 23). On September 19, 2025, Defendant filed its Motion to Dismiss for Failure to State a Claim (ECF No. 24). That motion did not argue that Defendant employed fewer than fifteen employees, and it did not contend that Title VII's coverage threshold was unmet.

On March 6, 2026, this Court issued its Memorandum Opinion and Order denying Defendant's Motion to Dismiss (ECF Nos. 32, 33). The Court allowed Plaintiff's national origin discrimination, religious discrimination, hostile work environment, and retaliation claims to proceed. On March 20, 2026, Defendant filed its Answer to the Second Amended Complaint (ECF No. 34). That Answer did not deny that Defendant employed fifteen or more employees.

On September 13, 2026, Defendant filed the instant Motion for Leave to Amend Answer (ECF No. 83), seeking to add, for the first time, a denial of the fifteen-employee threshold.

A court-ordered settlement conference is scheduled for October 22, 2026 (ECF No. 75). Plaintiff is proceeding pro se and is represented by appointed pro bono counsel for the limited purpose of that settlement conference only (ECF Nos. 64, 65).

III. ARGUMENT

A. The Proposed Amendment Is Futile Because the Defense Was Waived Under *Arbaugh*.

Under *Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006), Title VII's fifteen-employee requirement is not a jurisdictional prerequisite. It is a substantive element of the plaintiff's claim for relief. The Supreme Court expressly held that the requirement "is an element of a plaintiff's claim for relief, not a jurisdictional issue." *Id.* at 516.

Because the requirement is an element and not a jurisdictional fact, it is waivable and forfeitable if not timely raised. *See id.* at 504 (noting that subject-matter jurisdiction "can never be forfeited or waived," but that an element of a claim "may be forfeited if not timely asserted"); *see also id.* (holding that the defendant forfeited the numerosity objection by failing to raise it before trial). Here, Defendant had two opportunities to assert the numerosity element and asserted it in neither:

First, Defendant's Motion to Dismiss (ECF No. 24), filed September 19, 2025, did not raise the numerosity element. Defendant instead chose to litigate the sufficiency of Plaintiff's allegations on the merits.

Second, Defendant's Answer (ECF No. 34), filed March 20, 2026, did not deny that Defendant employed fifteen or more employees. By failing to assert the numerosity element in either filing, Defendant waived it. *Cf. Khatabi v. Car Auto Holdings, LLC*, No. 24-11019 (11th Cir. May 2026) (holding that an employer waived its headcount-based defense under Title VII by failing to plead it in its answer, because "a plaintiff has no reason to investigate or contest it unless the employer puts it in issue"). While *Khatabi* is not binding in the Fourth Circuit and concerns Title VII's damages cap rather than its coverage threshold, the waiver principle it applies is directly analogous and reinforces the *Arbaugh* rule.

An amendment that asserts a waived defense is futile. The Fourth Circuit has held that leave to amend should be denied where the amendment would be futile. *See United States ex rel. Schnupp v. Blair Pharmacy*, No. 17-cv-2335, 2019 WL 2716266 (D. Md. June 28, 2019) (leave should be denied when "the amendment would be futile"). Because a waived defense cannot succeed as a matter of law, the proposed amendment cannot survive and should be denied.

B. The Proposed Amendment Is Unduly Delayed and Prejudicial Under Rule 15(a)(2).

Rule 15(a)(2) provides that leave to amend should be "freely given when justice so requires." But courts may deny leave for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

1. Undue Delay. Defendant has had the information about its own workforce since the inception of this case. It waited nearly two years—through a Motion to Dismiss, an opposition, the Court's ruling, and an Answer—before raising the numerosity issue. This delay is unexplained. Where a party withholds a defense for an extended period without satisfactory explanation, a court may infer bad faith or dilatory motive. *See United States ex rel. Schnupp*, 2019 WL 2716266, at *4.

2. Undue Prejudice. Permitting the amendment would force Plaintiff to reopen discovery on the employee-count issue late in the litigation. Plaintiff would need to seek payroll records, IRS Form 941s, state quarterly wage reports, and other documents covering 2022–2023, expending significant additional resources. Courts have found undue prejudice where an amendment "causes surprise or results in additional discovery, additional costs, or additional preparation to defend against the new facts or theories alleged."

3. The Timing of the Motion Compounds the Prejudice. Defendant filed this motion on September 13, 2026—less than six weeks before the court-ordered settlement conference scheduled for October 22, 2026 (ECF No. 75). Plaintiff is proceeding pro se and is represented by appointed pro bono counsel for the limited purpose of that settlement conference only (ECF Nos. 64, 65). Permitting the amendment would force Plaintiff to conduct complex discovery on

Defendant's employee count while simultaneously preparing for settlement, compounding the prejudice and undermining the parties' ability to resolve this matter efficiently.

C. The Court's Prior Findings Undercut the Proposed Denial.

The Court's March 6, 2026 Memorandum Opinion (ECF No. 32) described an organizational structure inconsistent with a workforce of fewer than fifteen. The Court referenced "multiple co-owners of ABCD"; "Wilson, the supervisor directly responsible for Makalou's hiring, firing, and assignment of responsibilities"; "ABCD's Human Resources Manager, Keisha Devine"; and "three specific non-immigrant Event Planners at ABCD." *Makalou v. ABCD & Co., LLC*, No. 8:25-cv-01470-TDC (D. Md. Mar. 6, 2026) (ECF No. 32). These findings, drawn from the Court's own review of the record, suggest a multi-layered workforce and further undermine the credibility of Defendant's late-stage denial.

IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion for Leave to Amend Answer (ECF No. 83). The proposed amendment is futile under *Arbaugh*, unduly delayed, and prejudicial. Defendant had two opportunities to raise the numerosity element—in its Motion to Dismiss (ECF No. 24) and in its Answer (ECF No. 34)—and did so in neither. It should not be permitted to raise a waived defense two years into this litigation, weeks before a court-ordered settlement conference.

Respectfully submitted,

Coumba Makalou
coumbam@gmail.com
Plaintiff Pro Se