**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| COUMBA MAKALOU,<br><br>Plaintiff,<br><br>v.<br><br>ABCD & COMPANY, LLC,<br><br>Defendant. | Case No. 8:25cv1470-TDC<br>The Hon. Theodore D. Chuang |

**DEFENDANT'S RESPONSES AND OBJECTIONS TO**
**PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS**

Defendant ABCD & Company, LLC ("Defendant" or "ABCD"), by counsel, states its objections and responses to Plaintiff Coumba Makalou's First Requests for Production of Documents as follows.

These responses are based on information presently known and reasonably available to Defendant after reasonable inquiry. Defendant reserves the right to supplement or amend these responses in accordance with the Federal Rules of Civil Procedure, the Local Rules of this Court, and any applicable order of the Court.

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

**Request No. 1: All policies, procedures, handbooks, manuals, and training materials (including any presentations, videos, or written materials) concerning discrimination, harassment, and retaliation, in effect during the period from May 8, 2021 to December 1, 2023 (five years preceding Plaintiff's termination as stated in your IJR), including but not limited to: (a) policies prohibiting discrimination on the basis of national origin; (b) policies prohibiting discrimination on the basis of religion; (c) policies prohibiting harassment and hostile work environment; (d) policies prohibiting retaliation against employees who report discrimination or harassment; (e) training materials used to train supervisors and employees on discrimination, harassment, and retaliation; and (f) any acknowledgment forms signed by Plaintiff or any Comparator Employee confirming receipt of such policies.**

**Response:** Defendant will produce the employee handbook and Plaintiff's personnel file, including any responsive acknowledgment forms contained therein, if any. Defendant is not aware of any separate training materials, policies, procedures, manuals, presentations, videos, or other documents concerning discrimination, harassment, retaliation, or complaint investigation procedures responsive to this Request.

**Request No. 2: All documents, records, or communications relating to any complaint (formal or informal) filed by any employee against any Supervisor (Jared Wilson, Corey Briscoe, Durecia Moorer, or Brittanye Briscoe) alleging discrimination, harassment, retaliation, or hostile work environment, during the period from May 8, 2021 to December 1, 2023 (consistent with your IJR request for complaints "against the same supervisors"). For each complaint, produce: (a) the complaint itself (including any anonymous or verbal reports); (b) any investigation file or notes; (c) any findings, conclusions, or determinations; (d) any disciplinary action taken against the Supervisor; and (e) any communication regarding the complaint or its resolution.**

**Response:** Defendant states that, after a reasonable inquiry, it is not aware of any complaint against Jared Wilson, Corey Briscoe, Durecia Moorer, or Brittanye Briscoe alleging discrimination, harassment, retaliation, or hostile work environment during the period May 8, 2021, through December 1, 2023. Accordingly, Defendant has no responsive, non-privileged documents currently in its possession, custody, or control.

**Request No. 3: Plaintiff's complete Personnel File (as defined above), including but not limited to: (a) Plaintiff's job application, resume, and offer letter; (b) all performance evaluations, reviews, or assessments of Plaintiff; (c) all disciplinary notices, warnings, or performance improvement plans issued to Plaintiff; (d) all records relating to Plaintiff's termination, including any termination letters, separation agreements, or exit interview notes; (e) all attendance records for Plaintiff; (f) all training records for Plaintiff; and (g) all communications between Defendant's employees regarding Plaintiff that are contained in Plaintiff's Personnel File.**

**Response:** Defendant objects to Plaintiff's definition of "Personnel File" to the extent it exceeds the documents maintained by Defendant in the ordinary course of business as Plaintiff's personnel file. Subject to and without waiving this objection, Defendant will produce Plaintiff's personnel

file in its possession, custody, or control, subject to redaction of personal identifying information, security credentials, and other non-responsive confidential information.

**Request No. 4:** **All documents identifying other employees who were terminated under similar circumstances as Plaintiff during the period from January 1, 2022 to December 31, 2023, including for each such employee (as requested in your IJR): (a) the employee's name (or anonymized identifier); (b) the employee's race; (c) the employee's gender; (d) the employee's protected activity status (whether they filed any internal complaint, EEOC charge, or otherwise engaged in protected activity); (e) the employee's position/title; (f) the date of termination; (g) the stated reason for termination; (h) the identity of the decision-maker(s) who terminated the employee; (i) any disciplinary records or performance evaluations preceding termination; and (j) any severance or separation agreement.**

**Response:** After a reasonable inquiry, Defendant is not aware of any employee who was terminated under circumstances similar to those alleged by Plaintiff during the period January 1, 2022 through December 31, 2023. Accordingly, Defendant has no responsive, non-privileged documents in its possession, custody, or control.

**Request No. 5:** **All Communications (emails, text messages, Slack/Teams messages, internal reports, voicemails, or any other form) regarding Plaintiff's performance, complaints, or termination, created or sent during the Relevant Period (May 8, 2023 to December 1, 2023). This includes Communications sent or received by any of the following individuals: (a) Jared Wilson (Direct Supervisor); (b) Corey Briscoe (Co-owner/Managing Partner); (c) Durecia Moorer (Co-owner/Managing Partner); (d) Brittanye Briscoe (Co-owner/Managing Partner); (e) Tiesha Cole (Senior Event Planner); (f) Jennifer Simpson Prinzivalli (Event Planner); (g) Shelley Renn (Senior Event Planner); (h) Amber Dozier (Co-owner/Managing Partner); (i) Kayla Hicks (employee); (j) Guido Cialbella (employee); (k) Keisha Devine (employee); (l) any human resources personnel; and (m) any other employee or agent of Defendant who communicated about Plaintiff.**

**Response:** Defendant objects to this Request as overbroad and disproportionate to the extent it seeks communications from "any other employee or agent of Defendant who communicated about Plaintiff" without reasonable limitation as to custodian, source, or scope. Defendant further objects to the extent the Request seeks information protected by the attorney-client privilege, work-product doctrine, or other applicable privilege, confidential personnel information of non-parties, or documents outside Defendant's possession, custody, or control.

Subject to and without waiving these objections, Defendant will produce responsive, non-privileged communications concerning Plaintiff's performance, complaints, and termination that are in Defendant's possession, custody, or control.

**Request No. 5A: All Communications sent or received by any individual listed above that mention Plaintiff by name ("Makalou" or "Coumba") or by her known email address, created or sent during the Relevant Period.**

**Response:** Defendant objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case because it seeks all communications mentioning Plaintiff's name or email address regardless of subject matter, relevance, or connection to any claim or defense in this action. Defendant further objects to the extent the Request requires collection and review of communications from numerous custodians without reasonable subject-matter limitation. Subject to and without waiving these objections, Defendant will produce non-privileged communications responsive to this Request that are relevant to the claims and defenses in this action.

**Request No. 5B: All Communications created or sent during the Relevant Period relating to any of the following specific incidents alleged in Plaintiff's Second Amended Complaint: (a) the "African Diaspora" event assignment; (b) any reference to Plaintiff as a "guinea pig"; (c) any reference to the Children's National Hospital event as "not a real event"; (d) the vegan festival business opportunity originated by Plaintiff and its reassignment to Tiesha Cole; (e) any reference to Cole being "a better fit" or more "in tune with the culture"; (f) any request for Plaintiff to cook African food; (g) any mocking of Plaintiff's French accent or formal English; (h) any reference to Plaintiff as "United Nations"; (i) the egg theft accusation incident; (j) the removal of Plaintiff's eyeglasses by Corey Briscoe; (k) the sticker-on-shoe incident involving Durecia Moorer; and (l) Plaintiff's termination.**

**Response:** Defendant objects to this Request as overbroad, unduly burdensome, vague, ambiguous, and disproportionate to the needs of the case to the extent it seeks "all" communications concerning a lengthy list of alleged incidents, many of which Defendant denies

occurred as alleged and some of which are vague, ambiguous, or not tied to any actionable claim. Defendant further objects to the extent the Request assumes disputed facts, adopts Plaintiff's characterizations, seeks privileged materials, or seeks documents outside Defendant's possession, custody, or control.

Subject to and without waiving these objections, Defendant will produce responsive, non-privileged communications concerning the specifically identifiable events and allegations referenced in this Request that are relevant to the claims and defenses in this action and are in Defendant's possession, custody, or control.

**Request No. 6: Defendant's financial records sufficient to show Defendant's net worth and revenue for the fiscal years 2022, 2023, and 2024 (as requested in your IJR for punitive damages discovery), including but not limited to: (a) balance sheets; (b) income statements (profit and loss statements); (c) tax returns (federal and state); (d) audited financial statements; and (e) any other documents sufficient to calculate Defendant's net worth.**

**Response:** Defendant objects to this Request as premature, overbroad, unduly burdensome, disproportionate to the needs of the case, and not relevant to any party's claim or defense at this stage of the litigation. Defendant further objects because the Request seeks highly confidential, proprietary, and sensitive financial information, including tax returns and other private business records, without an appropriate protective order and without a threshold showing that such discovery is warranted and without adequate confidentiality protections. Defendant further objects to the extent the Request seeks multiple categories of financial records over three fiscal years when less intrusive information, if any, would be available to obtain information relevant to any properly authorized punitive damages inquiry. Based on the foregoing objections, Defendant will not produce documents responsive to this Request.

**Request No. 7: All documents sufficient to identify all individuals who made or influenced the decision to terminate Plaintiff (as requested in your IJR), including but not limited to: (a) the name and job title of each individual; (b) the role each individual played in the termination decision (e.g., recommended, approved, influenced, or final decision-maker); (c)**

**any communications (emails, Slack messages, notes, or memoranda) discussing or documenting the termination decision; (d) any performance evaluations, disciplinary records, or other documents reviewed by decision-makers prior to termination; and (e) any notes or minutes from meetings where Plaintiff's termination was discussed.**

**Response:** Defendant objects to this Request because it seeks narrative information and identification of individuals rather than the production of existing documents and therefore constitutes an interrogatory disguised as a request for production. Defendant further objects to the term "influenced" as vague and ambiguous. Subject to and without waiving these objections, Defendant states that responsive, non-privileged documents concerning Plaintiff's termination, if any, are contained within Plaintiff's personnel file, which Defendant is producing.

**Request No. 8: All performance evaluations, reviews, or assessments of Plaintiff's direct supervisors (Jared Wilson, Corey Briscoe, Durecia Moorer, Amber Dozier and Brittanye Briscoe) for the two (2) years preceding Plaintiff's termination (as requested in your IJR), meaning the period from May 22, 2021 to November 1, 2023.**

**Response:** Defendant objects to this Request as overbroad, unduly burdensome, disproportionate to the needs of the case, and not relevant to any claim or defense. Defendant further objects because the Request seeks confidential personnel information of non-party employees, owners, and managing partners. Defendant also objects to Plaintiff's characterization of Corey Briscoe, Durecia Moorer, Amber Dozier, and Brittanye Briscoe as Plaintiff's direct supervisors. Based on the foregoing objections, Defendant will not produce documents responsive to this Request.

**Request No. 9: All documents, records, spreadsheets, calendars, or Communications sufficient to show each event assignment made to Plaintiff during the Relevant Period, including for each assignment: (a) the name and description of the event; (b) the date Plaintiff was assigned to the event; (c) the name of the person who made the assignment; (d) whether the event had a signed contract, confirmed budget, and confirmed venue at the time of assignment; (e) whether the event was revenue-generating; (f) the actual date the event occurred (if any); (g) any Communication explaining or justifying the assignment; and (h) whether the event was later reassigned to another employee, and if so, the identity of that employee and the date of reassignment.**

**Response:** Defendant objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case. Defendant further objects because the Request seeks narrative information and factual contentions regarding event assignments, budgets, contracts, venues, revenue generation, reassignment decisions, and the identities and actions of various individuals, and therefore constitutes an interrogatory disguised as a request for production. Defendant further objects to the extent the Request seeks confidential client information, prospective-client information, vendor information, sponsor information, proprietary business information, budgets, contracts, pricing information, or other commercially sensitive information. Subject to and without waiving these objections, Defendant will produce responsive, non-privileged documents reflecting Plaintiff's event assignments during her employment. To the extent responsive documents contain confidential commercial information, Defendant will produce such documents upon entry of an appropriate protective order.

**Request No. 10:** **<u>All documents, records, spreadsheets, calendars, or Communications sufficient to show each event assignment made to Comparator Employees (Jennifer Simpson Prinzivalli, Shelley Renn, Tiesha Cole, and Kayla Hicks) during the Relevant Period, including for each assignment the same information listed in Request No. 9.</u>**

**Response:** Defendant objects to this Request as overbroad, unduly burdensome, and disproportionate to the extent it seeks all documents and communications concerning event assignments of non-party employees. Defendant further objects because the Request seeks narrative information and factual contentions by referencing information in Request No. 9, and therefore constitutes an interrogatory disguised as a request for production. Defendant further objects to the extent the Request seeks confidential client information, vendor information, sponsor information, pricing information, budget information, proprietary business information, or other commercially sensitive information.

Subject to and without waiving these objections, Defendant will produce responsive, non-privileged documents, if any, sufficient to show event assignments of comparator employees to the extent such documents are in Defendant's possession, custody, or control. To the extent responsive documents contain confidential commercial information, Defendant will produce such documents upon entry of an appropriate protective order.

**Request No. 11:** **A true and correct copy of any contract, agreement, proposal, budget, or other document relating to the "African Diaspora" event, including but not limited to: (a) any signed or unsigned contract; (b) any budget documents; (c) any communication between Defendant and any client or vendor concerning this event; and (d) any internal communication concerning the status, feasibility, or nature of this event.**

**Response:** Defendant objects to this Request to the extent it seeks confidential client information, vendor information, sponsor information, pricing information, budget information, proprietary business information, or other commercially sensitive information. Defendant further objects to the production of such information absent appropriate confidentiality protections.

Subject to and without waiving these objections, Defendant will produce responsive, non-privileged documents relating to the African Diaspora Network Symposium in its possession, custody, or control. To the extent responsive documents contain confidential commercial information, including contracts, proposals, budgets, pricing information, vendor information, sponsor information, or other proprietary business information, Defendant will produce such documents upon entry of an appropriate protective order.

**Request No. 12:** **A true and correct copy of any acknowledgment form signed by Plaintiff confirming receipt and review of Defendant's employee handbook.**

**Response:** Defendant will produce Plaintiff's signed employee handbook acknowledgment form, if any, in its possession, custody, or control.

**Request No. 13:** **All records of training provided to Supervisors (Jared Wilson, Corey Briscoe, Durecia Moorer, and Brittanye Briscoe) during the period from May 8, 2021 to**

**December 1, 2023 concerning discrimination, harassment, retaliation, and proper complaint investigation procedures.**

**Response:** Defendant states that, after a reasonable inquiry, it is not aware of any records of training provided to Jared Wilson, Corey Briscoe, Durecia Moorer, or Brittanye Briscoe during the period May 8, 2021 through December 1, 2023 concerning discrimination, harassment, retaliation, or complaint investigation procedures. Accordingly, Defendant has no responsive, non-privileged documents in its possession, custody, or control.

**Request No. 14: If Defendant withholds any document on the basis of attorney-client privilege, work product doctrine, or any other privilege, Defendant shall provide a privilege log in compliance with Fed. R. Civ. P. 26(b)(5) and Discovery Guideline 10(d)(ii)(b), identifying: (a) the date of the communication or document; (b) the author/sender and all recipients; (c) the subject matter; (d) the privilege asserted; and (e) the basis for the assertion of privilege.**

**Response:** Defendant objects to this Request on the grounds that it does not seek the production of any documents or tangible things within the scope of Rule 34, but instead seeks to impose obligations already governed by the Federal Rules of Civil Procedure, the Local Rules, the Scheduling Order, and any applicable discovery guidelines. Defendant will comply with its obligations regarding the assertion of privilege and the provision of any required privilege log in accordance with the applicable rules and orders of the Court.

**Request No. 15: Defendant shall produce the requested ESI as follows: (a) in native format with full metadata preserved, or in searchable PDF format with extracted text if native is not feasible; (b) for chat-based communications (Slack, Teams, etc.), Defendant shall produce messages in chronological order by channel or conversation thread, with metadata identifying the sender, timestamp, and channel name; (c) for all responsive ESI, Defendant shall produce metadata including sender, recipient(s), date sent, and custodian information; and (d) documents shall be produced as they are kept in the ordinary course of business or organized and labeled to correspond to the categories in this request.**

**Response:** Defendant objects to this Request on the grounds that it does not seek the production of any identifiable documents, electronically stored information, or tangible things within the scope of Rule 34, but instead purports to dictate the manner, format, and metadata requirements

for production. Defendant objects to this Request to the extent it purports to dictate unilaterally the form of production or impose ESI obligations beyond those required by the Federal Rules, the Local Rules, the Scheduling Order, any ESI agreement, or any Court order. Defendant further objects to producing all documents in native format with full metadata as overbroad, unduly burdensome, disproportionate, and unnecessary for the claims and defenses in this case.

## DISCOVERY MATERIALS NOT FILED WITH COURT

Consistent with the Scheduling Order, these discovery responses and any produced discovery materials are not to be filed with the Court except as permitted by the Federal Rules, Local Rules, the Scheduling Order, or further order of the Court.

## SUPPLEMENTATION

Defendant will supplement these responses as required by Federal Rule of Civil Procedure 26(e), the Local Rules, and the Scheduling Order, including the July 13, 2026 supplementation deadline for disclosures and responses.

## RESERVATION OF RIGHTS

Defendant reserves all objections to the admissibility, relevance, authenticity, competence, or use at trial of any documents produced. Defendant further reserves the right to supplement, amend, correct, or clarify these responses as discovery continues.

Dated: June 8, 2026

Respectfully submitted,

ABCD & COMPANY, LLC By Counsel
THE THOMAS LAW OFFICE, PLC

By: __/s/ D. Margeaux Thomas__
D. Margeaux Thomas, #19533
11130 Fairfax Boulevard, Suite 200
Fairfax, Virginia 22030
(703) 957-2577
mthomas@thomaslawplc.com

Gerald Gilliard, Pro Hac Vice
11130 Fairfax Boulevard, Suite 200
Fairfax, Virginia 22030
(703) 957-2577
ggilliard@thomaslawplc.com
*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 8th day of June 2026, I served a true and accurate copy of the foregoing Defendant ABCD & Company, LLC's Responses and Objections to Plaintiff's First Requests for Production of Documents via first class mail and electronic mail to:

Coumba Makalou
5915 Bradley Blvd.
Bethesda, MD 20814
coumbam@gmail.com
Plaintiff, pro se

__/s/ D. Margeaux Thomas__
D. Margeaux Thomas