**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| COUMBA MAKALOU,<br><br>Plaintiff,<br>v.<br><br>ABCD & COMPANY, LLC,<br><br>Defendant. | Civil Action No. 25-1470-TDC<br>The Hon. Theodore D. Chuang |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED ANSWER**

COMES NOW, Defendant ABCD & Company, LLC ("ABCD"), by counsel, pursuant to this Court's September 1, 2026, Order (ECF No. 80) and for its Reply in support of its Motion for Leave to File Amended Answer, hereby states as follows:

## INTRODUCTION

Plaintiff's Opposition does not establish undue prejudice, futility, or any other basis to deny ABCD leave to amend. The principal concern identified by the Court at the August 31, 2026, Case Management Conference was whether Plaintiff would have an adequate opportunity to obtain discovery concerning employee numerosity under the current schedule. The answer is unequivocally yes. The parties remain in the limited pre-mediation discovery framework established by the Court's May 12, 2026, Order, under which the parties are proceeding with document discovery while all other discovery deadlines are stayed pending mediation. *See,* ECF 44. If the case does not resolve at mediation, the parties must file a Joint Status Report proposing a revised discovery schedule or next steps in the case. *Id.* ABCD does not contend that discovery is closed and does not oppose reasonable discovery concerning employee numerosity. Moreover, since Plaintiff filed her Opposition, the parties' settlement conference has been *sua sponte*

rescheduled from October 22, 2026, to January 5, 2027, further undermining Plaintiff's asserted timing prejudice.

**I. Plaintiff Has a Full Opportunity to Conduct Discovery Regarding Numerosity.**

Plaintiff argues that amendment would prejudice her because she would be required to "reopen discovery" and obtain payroll records, Forms 941, wage reports, and other information concerning ABCD's workforce. ECF No. 84 at 4. But discovery is not closed. As discussed at the August 31 hearing, discovery to date has been limited principally to document discovery in advance of mediation; no depositions have been taken, no interrogatories have been served, and no third-party subpoenas have been issued. ABCD does not contend that Plaintiff is foreclosed from conducting discovery concerning numerosity and will produce responsive, nonprivileged records concerning that issue in accordance with the applicable discovery rules and schedule. Indeed, the Court expressly authorized the parties to proceed with discovery concerning employee numerosity and contemplated that Plaintiff could request the records upon which ABCD relied in evaluating the issue. Plaintiff therefore has an opportunity to conduct discovery concerning numerosity now, even before the parties proceed to broader discovery following mediation. Under these circumstances, the proposed amendment will not unfairly prejudice Plaintiff.

Plaintiff's separate contention that the amendment would interfere with the October 22 settlement conference no longer applies. The settlement conference has since been *sua sponte* rescheduled to January 5, 2027. There is therefore ample time for the parties to address appropriate numerosity discovery without impairing their ability to prepare for mediation.

**II. ABCD Did Not Waive the Numerosity Issue By Failing to Raise It in Its Motion to Dismiss.**

Plaintiff also contends that ABCD waived the employee-threshold issue because it did not raise it in its earlier motion to dismiss. ECF No. 84 at 2–3. That argument conflates pleading-stage

review with an evidentiary determination of Title VII's statutory employee threshold. As ABCD explained in its Motion, application of the payroll method requires examination of ABCD's historical employment relationships during the relevant calendar years, including individual hire and separation dates. ECF No. 83 at 2–3. That determination cannot be made from the pleadings alone. To the extent ABCD had asked the Court to resolve numerosity based upon payroll and employment records at the Rule 12(b)(6) stage, consideration of those materials would have required treatment of the motion as one for summary judgment under Rule 12(d). ABCD's failure to seek such an evidentiary determination during pleading-stage motion practice does not establish waiver.

Nor does *Arbaugh v. Y & H Corp.* compel that result. Arbaugh establishes that Title VII's employee-numerosity requirement is an element of a plaintiff's claim rather than a jurisdictional limitation. 546 U.S. 500, 516 (2006). There, the defendant first raised the numerosity issue after a jury returned a verdict for the plaintiff. *Id.* at 504–05. Here, by contrast, ABCD raised the issue promptly after it became apparent and while discovery remains ongoing, there remains ample opportunity for the parties to conduct discovery concerning numerosity and litigate the issue before trial. Plaintiff's reliance on *Khatabi* is similarly unpersuasive, as Plaintiff acknowledges that decision is nonbinding and addressed a statutory damages cap, not the employee-numerosity element at issue here. *See Khatabi v. Car Auto Holdings, LLC,* 177 F.4th 1134, 1146–47 (11th Cir. 2026).

For these reasons, and those stated in its Motion, ABCD respectfully requests that the Court grant leave to file its Amended Answer.

Dated: October 5, 2026 Respectfully submitted,

ABCD & COMPANY, LLC By Counsel

THE THOMAS LAW OFFICE, PLC
By: __/s/ D. Margeaux Thomas__
D. Margeaux Thomas, #19533
Gerald Gilliard, *Pro Hac Vice*
11130 Fairfax Boulevard, Suite 200
Fairfax, Virginia 22030
(703) 957-2577
mthomas@thomaslawplc.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 5th day of October, 2026, I filed the foregoing Reply in support of its Motion for Leave to File Amended Answer with the Clerk of the Court using the CM/ECF system, to notify:

Coumba Makalou
5915 Bradley Blvd.
Bethesda, MD 20814
coumbam@gmail.com
Plaintiff, pro se

____/s/ D. Margeaux Thomas____
D. Margeaux Thomas